UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT THORNTON,

        Plaintiff,

v.                                Case No. 05-C-1291

THE JAMAICA HOSPITAL OF NEW YORK,

        Defendant.

**ORDER**

Plaintiff has filed an action against defendant The Jamaica Hospital of New York, claiming that one of its employees violated his patient-doctor confidentiality and violated his civil rights. With his complaint he has filed a motion for leave to proceed *in forma pauperis* along with a declaration of assets and income. From these filings, it is evident that Mr. Thornton may be indigent. Generally speaking, *in forma pauperis* status is reserved for those plaintiffs who are incarcerated or who have almost no means at their disposal. *See* 28 U.S.C. § 1915. Here, although the plaintiff indicates that owns a home and receives monthly child support for his daughter, he is not employed and lists no liquid assets. The motion to proceed *in forma pauperis* is therefore **GRANTED**.

In addition, however, it is clear from the face of the complaint that it fails to state a federal claim. The allegation in the complaint states that a social worker at the Jamaica Hospital called the plaintiff's father and the father's girlfriend to inform them that the plaintiff was being released from the hospital after a two-day stay. These calls were made despite the plaintiff's explicit instructions

not to discuss the plaintiff's hospitalization, and this, he claims, violated his doctor-patient confidentiality as well as his civil rights by causing his family members to worry about him.

First, there is no indication that the social worker was acting as an arm of the state when she made the two calls in question. In order to show a civil rights violation, a plaintiff must normally show that it was *government* action that harmed him, not merely private action. Second, even if the plaintiff could somehow show state action, even if the complaint's allegations were true they would not constitute sufficient grounds to find a violation of any civil right: doctor-patient confidentiality is not a right guaranteed by the United States Constitution.

Accordingly, the plaintiff's petition to proceed without prepayment of fees is **GRANTED**, but the plaintiff's case is **DISMISSED**.

**SO ORDERED** this   21st   day of December, 2005.

                                  s/ William C. Griesbach
                                  William C. Griesbach
                                  United States District Judge